UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TIMOTHY TRIPLETT, | ) | CASE NO. 3:14 CV 820 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| GARY MOHR, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On April 16, 2014, Plaintiff *pro se* Timothy Triplett, an inmate at the Allen Correctional Institution, filed this 42 U.S.C. §1983 action against Ohio Department of Rehabilitation and Correction Director Gary Mohr, Toledo Correctional Institution (ToCI) Warden Edward Sheldon, ToCI Deputy Warden Jodi Factor, ToCI Inspector S. Brown, ToCI Health Care Administrator Burkin, ToCI physician Pine, and ToCI Jane Doe nurse.

Plaintiff alleges in the Complaint that he was formerly incarcerated at ToCI. On November 5, 2014 he was taken by staff to the ToCI medical department after complaining of weakness and pain. He further alleges that after he was placed on an exam bed, a correctional officer verbally assaulted him. Defendant Jane Doe nurse told Plaintiff to leave the exam room, but Plaintiff said he could not. The correctional officer then allegedly attacked and injured Plaintiff. Paramedics were called and arrived, but Defendants Burkin and Pine prevented them from removing Plaintiff from the institution. He subsequently required two heart surgeries and a pacemaker.

While Plaintiff's claims against Defendants Burkin, Pine and Jane Doe nurse may have arguable merit, the same cannot be said regarding his claims against Defendants Mohr, Sheldon, Factor and Brown. Plaintiff appears to premise his claims against these Defendants on the fact that they were in supervisory positions. However, "a § 1983 claim may not be based on *respondeat superior* liability; instead, the 'supervisory official at least [must have] implicitly

authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.' " *Siggers v. Campbell*, 652 F.3d 681, 695 (6th Cir.2011) (quoting *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir.1985)). "A 'mere failure to act' is not enough; 'the superviso[r] must have actively engaged in unconstitutional behavior' " if he or she is to be held liable. *Id.* (quoting *Gregory v. City of Lousiville*, 444 F.3d 725, 751 (6th Cir.2006)); *see also Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir.1988) (a plaintiff's "mere claim" that defendants were aware of the alleged misconduct, but did not then take appropriate action, is insufficient to impose liability on supervisory personnel under § 1983).

Accordingly, Defendants Mohr, Sheldon, Factor and Brown are **DISMISSED** pursuant to 28 U.S.C. § 1915(e), and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from their dismissal could not be taken in good faith. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on Defendants Burkin, Pine, and Jane Doe nurse. **A copy of this order shall be included with the documents to be served on those Defendants.**

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE